**No. 66521.**—Manca, Inc. *v.* United States, protest 60/25559 (New York).

Opinion by LAWRENCE, J. It was stipulated that the merchandise consists of burners "XBO 162," high pressure Xenon lamps, and that the principle of operation of the merchandise is the same as the "tubular-shaped burners" the subject of *Charles A. Redden et al.* v. *United States* (19 C.C.P.A. 401, T.D. 45574). In accordance therewith, the claim of the plaintiff was sustained.

**No. 66522.**—General Motors Overseas Operations and Baker Irons & Dockstader, Inc., et al. *v.* United States, protests 320004–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of parts for Lindemann metal scrap balers similar in all material respects to those the subject of *United States* v. *Kurt Orban Co., Inc.* (47 C.C.P.A. 28, C.A.D. 724), the claim of the plaintiffs was sustained.

**No. 66523.**—Norman G. Jensen, Inc. *v.* United States, protests 59/4249, etc. (Pembina).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of nickel-bearing materials similar in all material respects to those the subject of *F. W. Myers & Co., Inc.* v. *United States* (46 Cust. Ct. 90, C.D. 2239), the claim of the plaintiff was sustained.

**No. 66524.**—C. J. Tower & Sons et al. *v.* United States, protests 59/19015, etc. (Buffalo).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of nickel-bearing materials similar in all material respects to those the subject of *F. W. Myers & Co., Inc.* v. *United States* (46 Cust. Ct. 90, C.D. 2239), the claim of the plaintiffs was sustained.

**No. 66525.**—Tafco Commercial, Inc. v. United States, protest 288946–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of nylon fish nets similar in use to cotton fish nets and following the principles set forth in *United States* v. *Steinberg Bros.* (47 C.C.P.A. 47, C.A.D. 727), the items marked "A" were held dutiable at 30 percent under the provision in paragraph 923, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), for cotton fishing nets, valued at 50 cents or more per pound, and the items marked "B" at 40 percent ad valorem under said paragraph of the act as cotton fishing nets, not valued at 50 cents or more per pound.

**No. 66526.**—C. H. Powell Co. et al. v. United States, protests 60/22034, etc. (Boston).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of military visor insignia, in chief value of lame, similar in all material respects to those the subject of Abstract 63445, the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, MARCH 7, 1962

**No. 66527.**—Nicholas Lekas Corp. v. United States, protest 61/14834 (New York).

Opinion by JOHNSON, J. Since the protest was filed more than 60 days after liquidation, it was dismissed as untimely, by virtue of section 514, Tariff Act of 1930.

**No. 66528.**—Aut Customs Brokers, Inc. v. United States, protest 60/14609 (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of horsemeat similar in all material respects to that the subject of Abstract 66197, the claim of the plaintiff was sustained.